Case 12-33673-sgj11 Doc 92 Filed 04/03/13    Entered 04/03/13 08:56:43    Page 1 of 16
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_[signature]_
**United States Bankruptcy Judge**

**Signed April 02, 2013**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| M FOODS, LLC | § | CASE NO. 12-33673-sgj-11 |
| | § | |
| | § | |
| Debtor. | § | CHAPTER 11 |
| | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER
11 U.S.C. § 1129 CONFIRMING DEBTOR'S FIRST AMENDED
<u>PLAN OF REORGANIZATION</u>**

On June 4, 2012 M Foods, LLC filed a voluntary petition for relief, initiating the above-captioned small-business Chapter 11 bankruptcy case.

On February 22, 2013 the Debtor filed its First Amended Plan of Reorganization [Docket No. 74]. The Plan[1] included notice of the deadline for objecting to the Plan, the deadline for returning ballots and having them counted, and the date, time, and place of the confirmation hearing. Upon filing the Plan, the Debtor caused the Plan/Disclosure Statement with all exhibits

---

[1] Capitalized terms not otherwise defined in this Confirmation Order shall have the meanings ascribed to them in the Debtor's First Amended Plan of Reorganization.

and ballots for voting to accept or reject the Plan to be distributed to all known parties in interest. Subsequently, the Debtor sent ballots separately to known holders of Claims in all Classes.

On February 22, 2013 the Debtor filed its amended motion to sell property seeking Court authorization for the sale of substantially all the Debtor's assets. [Docket No. 75].

On February 22, 2013 the Debtor filed motions seeking conditional approval of the Plan as a disclosure statement and seeking waiver of the requirement to file a separate plan and disclosure statement. [Docket Nos. 76 & 77].

On February 26, 2013 the Court entered orders granting conditional approval of the Debtor's disclosure statement and granting the Debtor's motion for waiver of the requirement to file a separate disclosure statement. [Docket Nos. 78 & 79].

On February 27, 2013 the Court entered an order granting the Debtor's motion for authority to sell substantially all of its assets. [Docket No. 81].

On March 28, 2013 the Debtor filed a Chapter 11 ballot summary and certification. [Docket No. 90].

On April 1, 2013 the Court held a hearing on confirmation of the Plan. No parties in interest objected to the Plan either before or at the confirmation hearing.

Now, therefore, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the confirmation hearing (including all of the evidence proffered or adduced at the hearing, the submissions filed in connection with the same, and the arguments of counsel made at the hearing); and (iii) the record in this Chapter 11 small-business bankruptcy case; and after due deliberation thereon, and good cause appearing therefore, **THE COURT FINDS AND CONCLUDES THAT**:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

1. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. § 1334(b). This matter concerns confirmation of a plan and, therefore, is a core proceeding under 28 U.S.C. § 157(b)(2)(L) & (O). Accordingly, this Court can enter this order confirming the Plan in accordance with 28 U.S.C. § 157 and the standing order of reference entered by the United States District Court for the Northern District of Texas on August 3, 1984 (Miscellaneous Order #33).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 & 1409.

3. The Debtor has the burden of proving the elements of Bankruptcy Code § 1129(a) by a preponderance of the evidence. The Debtor has satisfied its burden. The Plan complies with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

4. The Plan properly classifies claims. The Plan does not classify administrative expenses or priority tax claims which, under the Bankruptcy Code, should not be put into classes, but the Plan, in Article III, does provide for treatment of administrative expenses, priority tax claims, and the payment of U.S. Trustee fees. The Plan properly separately classifies each secured claim, and the Plan properly classifies substantially similar unsecured claims in a single class. Valid legal, business, and factual reasons exist for separately classifying the various classes of claims treated under the Plan and the Plan does not unfairly discriminate between holders of claims. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

5. Article IV of the Plan specifies the treatment of the impaired classes of claims (classes 2-C and 3), thereby satisfying Bankruptcy Code section 1123(a)(3).

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

ORDER CONFIRMING DEBTOR M FOODS, LLC's FIRST AMENDED PLAN OF REORGANIZATION     3

6. The Plan provides for the same treatment of each claim within each respective class, thereby satisfying Bankruptcy Code section 1123(a)(4).

7. Article VII of the Plan provides for the adequate and proper means for implementing the Plan. Article 7.01 provides that following the Debtor will continue to operate for the purpose of paying administrative expenses, U.S. Trustee fees, and distributing proceeds from the sale of substantially all the Debtor's assets to holders of unsecured claims. Article 7.02 provides for the execution of all necessary documents to implement the Plan. Other articles of the Plan also provide means for implementing the Plan. For example, Article V provides the means for resolving claim disputes. Article VI provides for the rejection of any executory contracts. The Plan thus satisfies the requirements of Bankruptcy Code section 1123(a)(5).

8. In accordance with Bankruptcy Code section 1123(b), the Plan's provisions are appropriate and not inconsistent with applicable provisions of the Bankruptcy Code.

9. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2). The Debtor is eligible for relief under title 11 in accordance with Bankruptcy Code § 109. The Debtor has complied with applicable Bankruptcy Code provisions and orders of the Court. The Debtor has complied with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the Plan and related documents and notices and in soliciting and tabulating votes on the Plan.

10. The Plan was proposed in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). The Plan was proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

11. Any payments made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

12. The Debtor does not intend to hire any individuals to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor (there is no such affiliate), or successor to the debtor under the Plan. As the managing member of M Foods, LLC, Mary L. Davis will continue to direct the business operations of the reorganized Debtor, which will consist of making payments to creditors, implementing, effectuating, and substantially consummating the Plan, and taking the necessary actions to administer and eventually close the bankruptcy case. To the extent that Bankruptcy Code section 1129(a)(5) is applicable, the Plan satisfies its requirements.

13. No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan. Therefore, Bankruptcy Code section 1129(a)(6) is not applicable in this case.

14. The Plan satisfies the "best interest of creditors" test under Bankruptcy Code § 1129(a)(7). Through the sale of substantially all of the Debtor's assets and under the Plan, creditors have received or will receive at least as much as they would have received in a liquidation in a Chapter 7 proceeding. The Plan includes a liquidation analysis. No party in interest has objected to the Plan or challenged the accuracy of the liquidation analysis. No evidence contrary to the liquidation analysis included with the Plan has been offered to the Court.

15. Under the Plan, there are two impaired classes. The first is class 2-C, which consists of the secured claim of the Small Business Administration. The SBA cast a Class 2-C

ballot accepting the Plan. The second impaired class is class 3, which consists of the SBA's deficiency claim and a few other general unsecured claims. The SBA was the only creditor in class 3 to cast a ballot, and that vote was to accept the Plan. No ballots rejecting the Plan were received. The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(8).

16. The treatment of administrative expenses and priority tax claims under the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9).

17. At least one class of impaired claims has voted to accept the Plan (both class 2-C and class 3 voted to accept the plan). In both classes, the SBA was the only creditor to cast a ballot. Thus, holders of 100 percent of the amount of allowed claims for which ballots were cast in both impaired classes voted to accept the Plan. Bankruptcy Code section 1129(a)(10) is, therefore, satisfied.

18. The Plan satisfies the feasibility requirement of Bankruptcy Code § 1129(a)(11). The Plan is not likely to be followed by liquidation or need for further reorganization.

19. All fees payable under 28 U.S.C. § 1930 on or before the effective date, as determined by the Court, have been or will be paid within ten days of entry of the Confirmation Order, thus satisfying the requirements of Bankruptcy Code § 1129(a)(12).

20. The Debtor has no retirement benefits to be continued under the Plan, so Bankruptcy Code § 1129(a)(13) is not applicable. The Debtor is not required to pay domestic support obligations, so Bankruptcy Code § 1129(a)(14) is not applicable. The Debtor is not an individual, so Bankruptcy Code § 1129(a)(15) is not applicable. The Plan does not provide for the sale of any property of the Debtor, so Bankruptcy Code § 1129(a)(16) is not applicable.

21. Because each class of impaired claimants accepted the Plan and Bankruptcy Code § 1129(a)(8) is satisfied, Bankruptcy Code § 1129(b) is inapplicable.

22. Only the Debtor has filed a plan of reorganization in this case, so Bankruptcy Code § 1129(c) is not applicable.

23. The principal purpose of the Plan is not the avoidance of taxes or the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan. Accordingly, Bankruptcy Code § 1129(d) is not applicable.

24. The Plan was filed in accordance with Bankruptcy Code § 1121(e) and the confirmation hearing was set within 45 days of the filing of the Plan. Bankruptcy Code § 1129(e) is satisfied.

25. Article IV of the Plan impairs or leaves unimpaired, as the case may be, each class of claims under the Plan, thereby satisfying the requirements of Bankruptcy Code § 1123(b)(1).

26. Article VI of the Plan provides for the rejection of all executory contracts and unexpired leases not expressly assumed or rejected as of the confirmation date or expressly assumed in the Plan, thereby complying with Bankruptcy Code § 1123(b)(2). The assumption or rejection of executory contracts or unexpired leases in Article VI of the Plan is in the Debtor's best business judgment.

27. The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and by identifying the Debtor as proponent of the Plan.

28. Due, adequate, and sufficient notice of the Plan and the confirmation hearing, along with all deadlines for returning ballots accepting or rejecting the Plan, has been given to all parties in interest, including all known holders of claims entitled to vote on the Plan, in accordance with Bankruptcy Rule 3017.1 and Local Bankruptcy Rule 2002-1.

29. The solicitation of votes to accept or reject the Plan and requests for consent to the treatment provided under the Plan satisfy Bankruptcy Rule 3018. The Plan and ballots were distributed to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed were in compliance with Bankruptcy Code § 1126 and satisfied the requirements of Bankruptcy Rule 3018. All persons acting on behalf of the Debtor with respect to solicitation acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code, thereby satisfying the requirements of Bankruptcy Code § 1125(e).

30. No objections to the adequacy of information provided in the Plan were filed or served. The Plan contained adequate information under § 1125(a)(1) of the Bankruptcy Code and applicable case law for creditors and parties in interest to make an informed judgment about the Plan. In accordance with § 1125(f)(1) of the Bankruptcy Code and Bankruptcy Rule 3017.1(c), the Court find and concludes that the Plan itself provided adequate information and that a separate disclosure statement was not necessary in this small-business case. This Confirmation Order constitutes final Court approval of the adequacy of information in the Plan and a final determination that a separate disclosure statement was not necessary in this case.

31. No objections to the Plan were filed or otherwise made known to the Court before or at the confirmation hearing.

32. The Debtor's largest creditor, Zion's Bank, was paid in full satisfaction of its claim against the estate out of the proceeds of the sale of substantially all of the Debtor's assets, which sale closed on March 1, 2013 in accordance with a previous order from the Court authorizing the sale. Also paid in full satisfaction of its claim out of the proceeds of that sale was Dallas County, which held a secured claim for ad valorem taxes. The Debtor's second-largest

creditor, the Small Business Administration, received a partial payment (approximately half of the claim value) on its secured claim out of the proceeds of the sale, and the Plan provides for the remainder of that claim to be classified as an unsecured claim and treated under class 3.

33. There are remaining a total of $22,695.91 in Priority Tax Claims and a total of $202,969.61 in General Unsecured Claims, the breakdown of which is as follows:

- Claim number 2: Priority Tax Claim of Texas Workforce Commission in the amount of $3,168.87;

- Claim number 3: Priority Tax Claim of the IRS in the amount of $19,527.04 and Unsecured Claim in amount of $6,005.84;

- Claim number 4: General Unsecured Claim of Compass Bank in the amount of $29,811.47;

- Claim number 6: General Unsecured Claim of the Small Business Administration in the amount of $159,652.30;

- Scheduled General Unsecured Claims of creditors who did not file proofs of claim totaling $10,281.00.

34. In addition to Priority Tax claims and General Unsecured Claims, the estate has obligations to pay administrative expenses and U.S. Trustee fees. The Debtor estimates that U.S. Trustee fees remaining to be paid total $6,825.00.

35. The Debtor was a non-operating business throughout the pendency of the case and did not generate income. As a result, Mary L. Davis, the sole managing member of M Foods, LLC, paid on behalf of the estate during the pendency of this Chapter 11 case administrative expenses in the amount of $28,851.64 for utility bills, insurance premiums, lawn care, property repairs, and U.S. Trustee fees incurred by the Debtor. These expenses represent "actual,

necessary costs and expenses of preserving the estate." The Plan contained an estimate of administrative expenses of approximately $60,000, which number included an estimate of this amount plus anticipated allowed professional fees and costs incurred by Debtor's counsel, which will be subject to Court approval of a final fee application.

36.     The estate currently has on hand $129,555.31 from which to pay U.S. Trustee fees, administrative expenses, priority tax claims, and general unsecured claims.

**DECREES**

THE COURT ORDERS THAT:

1.     The Plan, which consists of the Plan and any modifications set forth in this Confirmation Order or on the record at the confirmation hearing, is approved and confirmed in its entirety under Bankruptcy Code § 1129. The terms or the Plan are incorporated herein by reference and are an integral part of this Confirmation Order.

2.     Any objections that have not been withdrawn, waived, or settled, and any reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

3.     Any modifications of the Plan set forth on the record at the confirmation hearing or set forth herein are approved.

4.     The Court directs that Rule 62(a) of the Federal Rules of Civil Procedure and the stay provided by Rule 3020(e) of the Federal Rules of Bankruptcy Procedure shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Plan immediately after entry of this Confirmation Order. Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon entry of this Confirmation Order, the terms of the Plan (including Plan exhibits and all documents and

agreements executed under the plan) and this Confirmation Order shall be binding upon (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any person making an appearance in this Chapter 11 case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. The Plan will be deemed substantially consummated for purposes of § 1127(b) of the Bankruptcy Code on the later of (i) the Effective Date, or (ii) the date on which the Debtor commences a distribution under the Plan or in accordance with this Confirmation Order.

5. Upon the entry of this Confirmation Order, all creditors and persons acting in concert with them are enjoined and restrained under § 105 of the Bankruptcy Code from taking any action to correct or enforce any Claim directly or indirectly against the reorganized Debtor in any manner inconsistent with the terms contained in the Plan.

6. On the Effective Date the reorganized Debtor shall be the survivor of the Debtor. On the Effective Date, all real and personal property of the estate shall vest in the reorganized Debtor. Except as expressly provided in the Plan, all assets of the Debtor shall vest free and clear of all liens, claims, interests, or successor liability claims in the reorganized Debtor. The liability for and obligations under the Plan shall be assumed by and become obligations of the reorganized Debtor.

7. Upon entry of this Confirmation Order, the Debtor is discharged from any debt that arose before confirmation of the Plan, subject to occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Bankruptcy Code, except that the Debtor is not discharged from any debt: (i) imposed by the Plan; (ii) of a kind specified in § 1141(d)(6(A) if a

timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6(B).

8. This Confirmation Order constitutes and shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to implementation or consummation of the Plan and any other acts referred to in or contemplated by the Plan.

9. In accordance with § 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp tax, transfer tax, or similar tax.

10. All claims not scheduled and subject to and filed after the Bar Date, if not previously allowed, are hereby disallowed.

11. The Claims identified on Debtor's Schedule F are Allowed.

12. The Claims identified in paragraph 33 of the Findings of Fact and Conclusions of Law portion of this Confirmation Order are Allowed.

13. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid within ten days after entry of this Confirmation Order. In the event of Debtor's failure to timely pay any outstanding fees as required under this paragraph, the U.S. Trustee shall be authorized to file a motion requesting dismissal of the Debtor's case for nonpayment of fees required under 28 U.S.C. § 1930.

14. The request of Mary L. Davis for payment of administrative expenses is granted. Upon entry of this Confirmation Order, the Debtor is authorized and ordered to pay Mary L. Davis the amount of $28,851.64 as reimbursement for amounts paid by Ms. Davis for "actual, necessary costs and expenses of preserving the estate."

15. The deadline for filing requests for payment of administrative expenses under § 507 of the Bankruptcy Code shall be on or before thirty days after the entry of this Confirmation Order. Any request for payment of administrative expenses filed after such deadline shall be deemed untimely filed and shall not be granted but be disallowed.

16. The deadline for submitting applications for compensation for services rendered in this case under §§ 327, 328, 330, 331, or 1103 of the Bankruptcy Code shall be on or before thirty days after the Effective Date. The deadline to object to such applications shall be the twenty-first day after such fee application has been filed. If the Debtor fails to make payments due, in full, under any order approving a request for payment of administrative expenses or granting in whole or in part a professional fee application, such nonpayment or partial payment shall constitute a plan default, and such claimant shall have the right to pursue any rights to which it is entitled for the Debtor's failure to comply with the terms of the Plan and this Confirmation Order.

17. If any of the provisions of this Confirmation Order are reversed, modified, or vacated by subsequent order of this Court or any other court with jurisdiction to do so, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan before the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order before the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan.

18. In accordance with §§ 1123(a) and 1142(a) of the Bankruptcy Code and the applicable provisions of this Confirmation Order, the Plan and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

19. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision. It is the intent of the Court that the Plan be confirmed in its entirety.

20. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of an inconsistency between the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

21. In accordance with §§ 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article 8.06 of the Plan for the following purposes:

 i. to determine any and all objections to the allowance of claims or interests, both before and after the Effective Date, including any objections to the classification of any claim or interest;

 ii. to determine any and all applications for fees and expenses authorized to be paid or reimbursed in accordance with § 503(b) of the Bankruptcy Code or this Plan;

 iii. to determine any and all pending applications for the assumption or rejection of executory contracts or for the rejection or assumption and assignment, as the case may be, of unexpired leases to which the Debtor is a party or with respect to which it may be liable; to hear and determine any actions to void or terminate unexpired contracts or leases; and to hear and determine and, if need be, to liquidate any and all claims arising therefrom;

 iv. to hear and determine any and all actions initiated by the Debtor, whether by motion, complaint or otherwise;

- v. to determine any and all applications, motions, adversary proceedings and contested matters pending before the Court on the Effective Date or filed or instituted after the Effective Date;

- vi. to modify this Plan, the Disclosure Statement or any document created in connection with this Plan or remedy any defect or omission or reconcile any inconsistency in any order of the Court, this Plan, the Disclosure Statement or any document created in connection with this Plan, in such manner as may be necessary to carry out the purposes and effects of this Plan to the extent authorized by the Bankruptcy Code;

- vii. to ensure that the distribution is accomplished in accordance with the provisions of this Plan;

- viii. to allow, disallow, determine, liquidate or estimate any Claim or interest and to enter or enforce any order requiring the filing of any such claim or interest before a particular date;

- ix. to enter such orders as may be necessary to interpret, enforce, administer, consummate, implement and effectuate the operative provisions of this Plan, the Confirmation Order and all documents and agreements provided for herein or therein or executed pursuant hereto or thereto including, without limitation, entering appropriate orders to protect the Debtor from creditor actions;

- x. to hear any other matter not inconsistent with Chapter 11 of the Bankruptcy Code;

- xi. to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked or vacated;

- xii. to hear and rule on any matters remanded to this Court which are currently pending at an appellate court;

- xiii. to enforce all orders, judgments, injunctions, and rulings entered in connection with the Chapter 11 case;

- xiv. to determine all issues relating to the claims of the IRS, and other taxing authorities, local, state, or federal;

- xv. to determine any avoidance actions brought pursuant to the provisions of the Bankruptcy Code; and

- xvi. to enter a Final Order and final decree closing the Chapter 11 case.

22. This Confirmation Order constitutes a Final Order and no just cause exists for delay of implementation of this Confirmation Order.

23. The Debtor shall serve notice of entry of this Confirmation Order in accordance with Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the U.S. Trustee, and

other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

24. Within five business days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of the same on the U.S. Trustee and all parties that have requested notice in this case under Bankruptcy Rule 2002.

### ###END OF ORDER###

Prepared and submitted by:

*/s/ Eric Soderlund*
Eric Soderlund
Texas State Bar No. 24037525
Soderlund Law, PLLC
1611 Tribeca Way
Dallas, TX 75204
214-215-3492
eric@soderlundlaw.com

Counsel for Debtor and Debtor in Possession